UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| Kimberly Welsh,<br><br>　　　　Plaintiff<br><br>– against–<br><br>MSW Capital LLC and Whipple Law, P.A.,<br><br>　　　　Defendant(s). | Civil Action No.<br><br>**COMPLAINT** |

### COMPLAINT

Plaintiff, Kimberly Welsh, (hereinafter "Plaintiff"), by and through her attorneys, Garibian Law Offices, P.C., by way of Complaint against Defendants, MSW Capital LLC and Whipple Law, P.A., alleges as follows:

### INTRODUCTION

1. This is an action for damages brought by an individual consumer for breach of contract and for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereafter the "FDCPA"). The FDCPA prohibits debt collectors from engaging in abusive, deceptive, and unfair collection practices.

### PARTIES

2. Plaintiff, Kimberly Welsh, is an adult residing in North Port, FL.

3. Defendant Whipple Law, P.A. ("Whipple") is a business entity regularly engaged in the business of collecting debts in this State with its principal place of

1

business located at 233 Mount Airy Rd, 1st Floor, Basking Ridge, NJ 07920. The principal purpose of Defendant is the collection of debts using the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

4. Defendant MSW Capital LLC ("MSW Capital") is a for profit business entity organized and existing under the law of Delaware that is regularly engaged in the business of collecting debts in Delaware regularly engaged in the business of collecting debts in this State with its principal place of business located at 1990 Main St Ste 750, Sarasota, Florida 34236.

5. Defendants are "debt collectors" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

## JURISDICTION AND VENUE

7. This Court has jurisdiction pursuant to 28 U.S.C. § 1331. Federal question jurisdiction arises pursuant to 15 U.S.C. § 1692.

8. Venue is proper in Delaware pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in Delaware.

9. In the alternative, venue is proper in Delaware pursuant to 28 U.S.C. § 1391(b)(3).

## FACTUAL ALLEGATIONS

10.     Defendants attempted to collect debts allegedly owed by Plaintiff relating to consumer purchases originally owed to Credit One Bank N.A.

11.     The debt at issue arises out of an alleged transaction which was primarily for personal, family or household purposes and falls within the definition of "debt" for purposes of 15 U.S.C. § 1692a(5).

12.     On or about November 4, 2015, Plaintiff and MSW Capital entered into a settlement agreement for Plaintiff's account ending in 3359. The settlement letter is attached herein as Exhibit A.

13.     Pursuant to the terms of the settlement, Plaintiff was required to make four (4) monthly payments totaling $1,352.00 to settle and close her MSW Capital account.

14.     Thus, MSW Capital acknowledged in writing that it had agreed to a settlement with Plaintiff in consideration of one lump sum payment which Plaintiff would be required to make.

15.     Plaintiff, via her debt settlement company, National Debt Relief ("NDR"), timely made each settlement payment.

16.     MSW Capital accepted and cashed the requisite payments. Proofs of these payments are attached herein as Exhibit B.

17.     On or about January 05, 2017, Plaintiff received a dunning letter from Whipple. This letter is attached herein as Exhibit C.

18.     In this letter, Whipple referenced a balance of $2,381.09 on the above referenced settled account.

19. This letter was a false misrepresentation of the debt because as explained above, Plaintiff made and MSW Capital cashed the requisite payments pursuant to the terms of the settlement agreement attached hereto as Exhibit A. The balance is $0.00.

20. MSW Capital's reneging on its settlement agreement with Plaintiff constitutes a breach of contract.

21. Defendants knew or should have known that their actions violated the FDCPA.

22. Defendants could have taken the steps necessary to bring their actions within compliance with the FDCPA, but neglected to do so and failed to adequately review their actions to ensure compliance with said laws.

23. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendants herein.

24. At all times pertinent hereto, the conduct of Defendants, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal law and the rights of the Plaintiff herein.

## COUNT I
(Breach of Contract)

25. Plaintiff reasserts and incorporates herein by reference all facts and allegations set forth above.

26. MSW Capital acknowledged that it had agreed to a settlement with Plaintiff, in consideration of the payments which Plaintiff would be required to make. Plaintiff timely made the requisite settlement payments.

27. MSW Capital accepted and cashed the timely payments.

28. Thereafter, MSW Capital, through Whipple acting as its agent, sent Plaintiff a dunning letter for $2,381.09.

29. MSW Capital's reneging on its settlement agreement with Plaintiff constitutes a breach of contract.

30. As a result, Plaintiff has suffered actual and monetary damages.

## COUNT II
(Breach of Implied Covenant of Good Faith and Fair Dealing)

31. Plaintiff reasserts and incorporates herein by reference all facts and allegations set forth above.

32. MSW Capital owed Plaintiff an implied duty of good faith and fair dealing with respect to the settlement agreement entered into between MSW Capital and Plaintiff.

33. By way of the foregoing conduct, MSW Capital breached the implied covenant of good faith and fair dealing that they owed to Plaintiff with respect to the settlement agreement.

34. MSW Capital has acted unreasonably and in bad faith and deprived Plaintiff of the benefit of the bargain of the settlement agreement by refusing to perform their obligations under the settlement agreement.

35. As a result of MSW Capital's breach of the implied covenant of good faith and fair dealing, Plaintiff has suffered actual and monetary damages.

## COUNT III
(Fair Debt Collection Practices Act)

36. Plaintiff reasserts and incorporates herein by reference all facts and allegations set forth above.

37. The above contacts between Defendants and Plaintiff were "communications" relating to a "debt" as defined by 15 U.S.C. § 1692a(2) and 1692a(5) of the FDCPA.

38. FDCPA § 1692f(1) prohibits the use of unfair or unconscionable practices to collect a debt, including collection of any amount not authorized by the contract or law. FDCPA 15 U.S.C. § 1692e(2)(a) prohibits the false representation of the character, amount or legal status of any debt. FDCPA 15 U.S.C. § 1692e(10) prohibits any false, misleading, or deceptive representation or means in connection with the collection of a debt.

39. MSW Capital violated these provisions of the FDCPA by falsely and deceptively inducing Plaintiff to enter into a settlement agreement which it did not intend to adhere to and/or intended to breach.

40. Defendants violated these provisions by collecting on the original balance from Plaintiff despite being aware that the account was already settled and had a settlement balance of $0.00

41. As a result of the above violations of the FDCPA, Defendants are liable to Plaintiff for actual damages, statutory damages which can be up to $1,000, attorney's fees and costs.

**WHEREFORE**, Plaintiff respectfully submits that judgment in the sum of $12,000.00 be entered against Defendants for the following:

(a) That judgment be entered against MSW Capital for actual damages accrued by Plaintiff as a result of its breach of contract;

(b) That judgment be entered against MSW Capital for actual and monetary damages accrued by Plaintiff as a result of MSW Capital's breach of the implied covenant of good faith and fair dealing;

(c) That judgment be entered against Defendants for actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

(d) That judgment be entered against Defendants for statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

(e) That the Court award costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); and

(f) That the Court grant such other and further relief as may be just and proper.

Respectfully Submitted,

**GARIBIAN LAW OFFICES, P.C.**

/s/ Antranig Garibian
Antranig Garibian, Esquire (Bar No. 4962)
1010 N. Bancroft Parkway, Suite 22
Wilmington, DE 19805
(302) 722-6885
ag@garibianlaw.com
*Counsel for Plaintiff*